# THE ADA A. KENNEDY.

## THE JESSE MURDOCK.

*(District Court, D. Massachusetts. January 16, 1888.)*

1. COLLISION—APPROACHING VESSELS—PORT TACK—STARBOARD TACK.
   Where two vessels are approaching each other, the one being close-hauled on the port tack, and the other close-hauled on the starboard tack, it is the duty of the former to keep clear away, and a failure so to do renders her liable should a collision result.
2. SAME—VESSEL CLOSE-HAULED—DEFINITION.
   A vessel hove to, and making both headway and leeway, is a vessel close-hauled, within the meaning of the rules of navigation.

In Admiralty. Libel for damages.

Cross-libels for a collision between the three-masted schooners Ada A. Kennedy and Jesse Murdock.

*E. S. Dodge,* for The Ada A. Kennedy.

*C. T. Russell, Jr.,* for The Jesse Murdock.

NELSON, J. This collision happened off Cape Cod, between Chatham light and the Pollock Rip light-ship, just before daybreak on the morning of eleventh November, 1885. The weather at the time was clear, the wind westerly blowing an eight-knot breeze, and the sea smooth. The Kennedy was heavily loaded with ice; the Murdock was in ballast. Both vessels were bound to the southward, and for some hours before the collision had been beating back and forth off the cape, waiting for daylight to pass over Nantucket shoals. As they neared each other, the Kennedy was close-hauled on the port tack heading N. by W., and going at the rate of six or seven knots. The Murdock was partly hove to on the starboard tack; that is, she was under single-reefed spanker, foresail, and mainsail close-hauled on the starboard tack, and a full jib hauled over to windward, and her wheel was hard down, but not lashed. She was heading from S. W. to S. W. by S., keeping a steady course, and making from one to two knots, part of it to leeward. The Murdock first made the Kennedy and her green light from three to four points on the port or lee bow, a mile or more distant. Later, the Kennedy saw the Murdock half or three-fourths of a mile away, opening her red light from three and a half to four points on the starboard or lee bow. Her course then lay across the bows of the Murdock. The Murdock kept her course until just before the collision, when her wheel was put hard up, and being light she fell off two or three points. The Kennedy, considering the Murdock to be sailing close-hauled on the starboard tack and to have the right of way, first ported to pass to leeward, and then as the red light still continued to show on the lee bow put her wheel hard a-port and cast off the spanker sheet. The effect of all this was that she fell off three points only, and this was not enough to go clear. The vessels came together nearly end on, the starboard bow of the Kennedy

striking the starboard bow of the Murdock. Both sustained severe injury in their forward rigging and spars and about the bows.

The international regulations of 1885, (articles 14, 22,) which were in force at the time of this collision, provide that when two sailing ships, are approaching one another so as to involve risk of collision, a ship which is close-hauled on the port tack shall keep out of the way of a ship which is close-hauled on the starboard tack, and the latter shall keep her course. One question in the case is whether the Murdock was close-hauled on the starboard tack within the rule. The Kennedy insists she was not, because, though her spanker, foresail, and mainsail were close-hauled on that tack, yet her jib was to windward and she was making leeway as well as headway. But the point seems to be completely settled by authority in this district. It was held by Judge Lowell in *The Ontario*, 2 Low. Dec. 40, that a ship hove to, and making both headway and leeway, was a ship close-hauled, within the rules of navigation, and this was agreed to by Judge Shepley on appeal. *Swift* v. *Brownell*, Holmes, 467. The situation therefore brings the case within the rule above referred to. The Murdock had the rights and obligations of a vessel close-hauled on the starboard tack. She had the right of way, and her duty was to hold her course. The duty of the Kennedy, being close-hauled on the port tack, was to keep out of the way of the Murdock. As she failed to do this and has shown no excuse for her failure, she must be held solely responsible for the collision. No blame can be attributed to the Murdock for starboarding. It was done when the collision was imminent and inevitable, and was justifiable. It was in point of fact the very thing she ought to have done. It saved her from receiving the blow on the port side. Such a blow would without doubt have sunk her. Another point made by the Kennedy is that she was misled by the leeward drift of the Murdock. But the answer to this is that the latter was sailing on a course which was indicated by her red light, and that was all that was required of her to give her the right of way. But it is quite apparent from the evidence that this is not what caused the collision. It arose from the mistake of the master of the Kennedy in supposing the Murdock to be moving faster than she in fact was. He says in his testimony: "I judged the Murdock to be going about the same as we were, —six knots." Under this error he did not port sufficiently in the first instance, and when he threw off the spanker sheet and put the wheel hard up it was too late.

In the libel by the owners of the Murdock against the Kennedy a decree is to be entered for the libelants; the libel of the owners of the Kennedy against the Murdock is to be dismissed, with costs. Ordered accordingly.