City of Shreveport vs. Robinson.

No. 13,214.

CITY OF SHREVEPORT VS. F. F. ROBINSON.

SYLLABUS.

A municipality has no power to adopt an ordinance to prevent one from operating a laundry, on conditions different from others who use machinery in carrying on their business.

N APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*E. H. Randolph,* City Attorney, for Plaintiff, Appellant.

*Wise & Herndon* and *J. Henry Shepherd* for Defendant and Appellee.

Submitted on briefs June 2, 1899.
Opinion handed down June 12, 1899.

The opinion of the court was delivered by
BREAUX, J. Plaintiff seeks to permanently enjoin the defendant from establishing and operating a laundry in a wooden building on his lot, not within the fire limits of the city of Shreveport.
The ordinance reads:
"An ordinance regulating laundries in the city of Shreveport, La."
"Be it ordained that it shall be unlawful for any laundry to be established or operated within limits bounded by Commerce street on the north, Travis street on the west, the V. S. & P. Ry. Co.'s tracks on the East, on the south by Wilson's alley, Texas avenue and Christian street, to where Christian and Travis streets intersect, unless the laundry is operated within a stone or brick building."
The other section of the ordinance sets forth the penalty for violating the ordinance.
The charter containing the delegation of power to the city of Shreveport under which the ordinance was adopted, provides that the council shall see to the cleanliness and sanitary condition of the city; take measures for preventing and extinguishing conflagrations; and determine in what part of the city wooden buildings shall not be

City of Shreveport vs. Robinson.

erected, and prevent persons from reconstructing in wood, old and decayed woden buildings in those parts of the city, where it is lawful to build in brick, stone or metal.   Act 158 of 1898.

Plaintiff's counsel contends that the suit is not a suit to suppress a nuisance, but to determine whether or not the city council of Shreveport had the right to pass the ordinance.   He affirms that it was passed in a legal way and is a valid ordinance so far as enactment goes, and that defendant is violating it, or is attempting to violate it.

That the ordinance does not prohibit the laundry business in any part of the city, but simply regulates it.

The defendant, on the other hand, contends that the city council had no right to pass the ordinance, and avers that the ordinance is not in the interest of public health or safety, is unreasonable, oppressive and discriminates against a particular industry; and prays that the injunction be dissolved.

There was a trial in the District Court.   The facts, as made evident by the record, are:

That there are a number of wooden buildings in the district, in which the defendant wishes to operate a laundry.   There are blacksmith shops and other shops within its limits, in wooden buildings.

Defendant, as a witness, swore that he proposes to enclose the boiler and machinery of his laundry in a brick building and put a tin roof on it.   The machinery is on the ground and has not yet been placed in position for work.

The injunction was dissolved, and from the judgment the plaintiff, city, appeals.

The defendant had bought the machinery for the laundry, and it was already on the ground at the date the ordinance was passed.   We infer that the members of the city council, in adopting the ordinance, were looking to the future, and that it was not the intention to hinder the owners of buildings, that were not within the fire limits, from turning their buildings to some account, on condition that the use was not a nuisance and not unsafe.

We do not understand that defendant's proposed business is regarded as a nuisance.   It has been decided in several cases that it is not a nuisance *per se.*   If the management be proper and due regard be given to sanitary rules, it is not unhealthy and it is not a nuisance.

"A public laundry is not a nuisance *per se,* and cannot be made so

by the legislative declaration of a city council." *In re* Wah, 32 Fed., 623.

We have seen that the city disclaims that it is the intention to suppress this laundry; but it claims that the purpose was to put it in order; in other words, to regulate the concern.

An ordinance which would not affect a blacksmith, a carpenter or other mechanic using boilers and other machinery in some locality has the effect (in all probability never intended) of discriminating against an occupation and business, especially if it does not appear that the business in any manner endangers public health, under proper regulation, and does not give rise to greater risks from fires.

Now, as relates to regulating the laundry.

No attempt is made in that direction, save that it must be operated, if at all, in a brick or stone building.

We do not think it is customary or lawful to select a particular occupation or business in a locality and bring it within the range of a city ordinance establishing a "fire limit." It may be, for all we know, that the city of Shreveport had power to extend the fire limit, (a question not before us); in that case all owners of property would be subjected to the same regulation regarding buildings of bricks and wood, and then all alike would be subject to the rules adopted. But we are firm in our conviction that the city council is without power to adopt an ordinance to prohibit those carrying on a particular business, from using the buildings belonging to them prior to the adoption of the ordinance, if the occupation is not at all a nuisance and not more dangerous than the machinery used by others in their business.

In *ex parte* Sing Lee, L. R. A., 24, 196, the Supreme Court of California said:

"The business of conducting a laundry is a lawful occupation; precisely as much so as is that of the carpenter, blacksmith, or merchant, and is not of itself, and irrespective of the manner in which it is conducted, offensive or dangerous to the health of those living within its vicinity; and no municipal corporation has the power to make the right to follow this business, at any place he may select for that purpose, dependent upon the will of any number of citizens or property owners within its limits, as is attempted in the ordinance under review."

We think for the same reason, that the business of conducting a

laundry cannot be singled out and the owner forced to conduct it in a brick building—the place not being within the "fire limits."

An inoffensive business of the ordinary kind, such as mechanic's shop, carpenter's bench, near which there may be a propelling force and other similar works, is not subject to special and particular regulation.

Defendant's business is classed as inoffensive when properly managed and conducted.

*Ergo*, it cannot be regulated by a municipal council to the extent of requiring that it shall carry on the business in a brick or stone building, if it is not within the "fire limits" of the city.

"It is clear that the enforcing of the ordinance may obstruct defendant's business, while others from whom the ordinance is withheld, may actually be benefitted by what is thus due to their neighbor." Yick Wo vs. Hopkins, 118 U. S., 373.

The following from the opinion of the court *a qua*, meets with our approval:

"My conclusion is, that, considering that the laundry business is not *per se*, a nuisance, nor even a *prima facie* nuisance, and further considering that the use of a steam plant as a motor power in said business does not even partake of the character of a nuisance, and further considering that the city has no power to compel the defendant to erect a house of brick or stone on his premises, outside of the 'fire limits,' as a condition precedent to his engaging in the laundry business, and further considering the right of the defendant to use his own property in a legitimate business enterprise as long as he does not injure the rights of others, the ordinance in question is not authorized by the city charter, and is therefore illegal and void in law."

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.